## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TERRY CLOTZ,<br>            Plaintiff<br><br>      v.<br><br>THE FEDERAL SAVINGS BANK,<br>RASANI MEDIA, and SUREFIRE<br>MARKETING, LLC,<br>            Defendants | No. 22 CV 3755<br><br>Judge Jeremy C. Daniel |

## ORDER

The Court has reviewed the defendants' motion for summary judgment. (R. 51.) Because there is a genuine dispute of material fact as to whether the plaintiff consented to receive telemarketing calls from the defendants, the motion for summary judgment is denied. The plaintiff's motion to supplement [65] is denied. The parties shall submit a joint status report with proposed trial dates and/or a proposed briefing schedule for filing a motion for class certification by no later than March 8, 2024.

## STATEMENT[1]

Plaintiff Terry Clotz, a disabled veteran and homeowner, filed this putative class action against the Federal Savings Bank and its third-party contractors, alleging that the defendants made harassing and unwanted phone calls in violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227. (*See generally* R. 16.) The TCPA prohibits making "any call" without the prior, express consent of the recipient by "using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service [or] cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); *see also Patriotic Veterans, Inc. v. Ind.*, 736 F.3d 1041, 1045 (7th Cir. 2013). Clotz alleges that he received four telemarking calls that he did not consent to in June and July of 2022 from Defendant Surefire Marketing, LLC, who contacted him at the behest of Defendants Rasani

---

[1] Factual information is taken from the parties' Rule 56 submissions, the materials cited therein, and all other aspects of the record in this case. *See* Defendants' Local Rule 56.1(a)(2) Statement of Undisputed Material Facts ("Def.'s SOF") (R. 52); Plaintiff's Local Rule 56.1(b)(3) Response to Statement of Undisputed Material Facts and Statement of Additional Facts (R. 56); Defendants' Local Rule 56.1(c)(2) Response to Plaintiff's Additional Statement of Material Facts (R. 62). Facts are genuinely undisputed unless otherwise noted.

Media and Federal Savings Bank. (*See generally* R. 16.) The defendants now move for summary judgment on Clotz's TCPA claim. (R. 51.)

Summary judgment is appropriate only "where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Giles v. Godinez*, 914 F.3d 1040, 1048 (7th Cir. 2019). In reviewing a motion for summary judgment, the Court construes all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when "evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (citation omitted). In deciding a motion for summary judgment, the Court cannot "weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 63 F.4th 1121, 1129 (7th Cir. 2023) (citation omitted).

The defendants argue that they are entitled to summary judgment because Clotz consented to receive the telemarketing calls. (R. 53.) Consent is an affirmative defense to a TCPA claim on which the defendants bear the burden of proof. *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 964 (7th Cir. 2020). To prevail, the defendants must establish express consent relating "to the same subject matter as is covered by the challenged calls." *Blow v. Bijora, Inc.*, 855 F.3d 793, 804 (7th Cir. 2017) (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044–45 (9th Cir. 2017)). On summary judgment, the defendants "must lay out the elements of the [defense], cite the facts which [they] believe[] satisf[y] these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant . . . ." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015).

The defendants' consent defense rests on the contention that Clotz visited the website FedRateWatch.org on April 8, 2022, and clicked on an icon allowing certain of the website's "partners," including Federal Savings Bank, to use Clotz's personal information to contact him. (*See generally* R. 53.) To support their claim that Clotz visited the website on the date in question, the defendants present two "lead reports;"[2] the first from Jornaya, a third-party technology platform that tracks internet activity, and the second from Wisdom Companies, the entity that hosts FedRateWatch.org. (R. 51-1; R. 51-3.) The Jornaya report shows that an April 8, 2022 lead for FedRateWatch.org was generated by an IP address with the number 71.72.31.87 located in Lorain, Ohio. (*Id.* ¶¶ 25–28; R. 51-1.) The email address affiliated with the lead was clotzterry@gmail.com. (R. 51-1.) The report issued by Wisdom Companies, indicates that on April 8, 2022, Clotz's full name was inputted

---

[2] A "lead" refers to information that is generated by a website when a consumer visits and fills out a digital form. (Def.'s SOF ¶¶ 22–23.) Companies use lead forms to collect consumer data for their own use or for sale to consumer parties. (*Id.* ¶ 24.)

to FedRateWatch.org, along with his home address, email address, phone number, and employment information. (*See* R. 51-3.)

Clotz admitted that the IP address shown in the lead report is his own (R. 52-2 ("Clotz Dep.") at 29:17-30:18), that he lives at the listed address in Lorain, Ohio, and that clotzterry@gmail.com is his email address. (*See id.* at 29:10–31:20; Pl.'s Resp. to Def.'s SOF ¶¶ 12, 15, 25–27.) He testified that he was the only person in his household who uses his phone, tablet, or laptop (Clotz Dep. at 19:6–16), and that he is the only person who would have been using the internet in his home on the date in question. (*Id.* at 36:5–10.) Nonetheless, Clotz denied having visited FedRateWatch.org. (*Id.* 27:8–10; 31:20–22.) Clotz presented screenshots of his browsing history for April 2022. (*See* R. 56-1.) FedRateWatch.org does not appear in the screenshots. (*Id.*) While Clotz admitted that he could not "say for certain whether or not [his] searches returned a complete Internet history," (Clotz Dep. at 32:16–19), he was adamant that he never visited the website. (*Id.* at 31:20–22; 39:21–40:1.)

Here, conflicting evidence as to whether Clotz actually visited FedRateWatch.org on the date in question precludes granting summary judgement in favor of the defendants. The facts are similar to *Craftwood II*, in which the Seventh Circuit reversed the district court's grant of summary judgment on a TCPA claim based a disputed issue of material fact regarding whether the plaintiff had consented to receive the defendant's fax advertisements. 63 F.4th at 1130. In *Craftwood II*, the defendant's witness testified that she made a phone call and received permission from the plaintiff to receive advertisements, but the plaintiff asserted that the phone call in question never occurred. *Id.* at 1124–26. The Seventh Circuit held that whether the phone call had taken place was a "credibility issue[] for the jury," and that the assertion that the call had never happened was not "so implausible on [its] face that a reasonable jury could not find in [the plaintiff's] favor." *Id.* at 1129.

In this case, although there is no dispute that Clotz's IP address was used to access FedRateWatch.com, there is sufficient evidence—in light of Clotz's denial and his browsing history—for a reasonable jury to conclude that Clotz did not visit the website himself, and therefore did not consent to his information being used. Clotz's deposition testimony that he never visited the website is sufficient on its own to create an issue of material fact. *See Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003) ("The summary judgment rule itself contemplates that parties may submit deposition testimony as evidence for purposes of determining whether a genuine issue of material fact exists."); *see also* Fed. R. Civ. P. 56(c).

The defendants characterize Clotz's testimony as self-serving and speculative, since Clotz is unable to provide a convincing explanation of how or why his IP address could have been used to access the website without his involvement. "But the Seventh Circuit has repeatedly found that a nonmoving party's affidavit, declaration, or deposition testimony alone can defeat summary judgment." *Maxey v. Allstate Ins. Co.*,

No. 17 C 8392, 2020 WL 868532, at *6 (N.D. Ill. Feb. 21, 2020) (citing *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018)). Clotz has presented admissible evidence putting a material fact at issue, and it is for the jury to weigh this evidence and assess its credibility. *Craftwood II*, 63 F.4th at 1129. The lack of corroboration for Clotz's account is not fatal, since "[t]he self-serving nature of testimony or lack of corroborating evidence or documentary support does not provide a basis for declining to consider such evidence on a motion for summary judgment." *Tactical Med. Sols., Inc. v. Karl*, No. 14 C 06035, 2019 WL 2435859, at *12 (N.D. Ill. June 11, 2019).

Because there is a factual dispute as to whether Clotz consented to the defendants' telemarketing calls by visiting the FedRateWatch.org website, the Court denies the defendants' motion for summary judgment and does not reach the parties' arguments as to whether the consent provided was legally insufficient.

Date: 2/21/2024

JEREMY C. DANIEL
United States District Judge